*[Handwritten: Given ID Form]*

1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
5      E-mail: mchaney@johnsonpham.com
6  6355 Topanga Canyon Boulevard, Suite 115
   Woodland Hills, California 91367
7  Telephone:  (818) 888-7540
8  Facsimile:   (818) 888-7544

9  Attorneys for Plaintiff
10 PRODUCT PARTNERS, LLC



*[Filed stamp: 2009 AUG 14 PM 4:29, CLERK U.S. DISTRICT COURT, CENTRAL DIST. OF CALIF., LOS ANGELES]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CV09-05973 ODW (RZx)**


*[Stamp: COPY]*

| | |
|---|---|
| PRODUCT PARTNERS, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>JACOB SHAK, an Individual, and Does 1-10, Inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* §43(a)]**<br>**(2) FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**<br>**(3) FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**<br>**(4) TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];**<br>**(5) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];**<br>**(6) DECLARATORY RELIEF;** |

(7) **ACCOUNTING; and**
(8) **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff PRODUCT PARTNERS, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against JACOB SHAK, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California limited liability company (LLC), duly authorized and licensed to conduct business in California, with its principal place of business in California.

2. Plaintiff is informed and believes that JACOB SHAK is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing at 1439 Ocean Avenue, #3c, Brooklyn, New York 11230.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff further alleges that JACOB SHAK, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein JACOB SHAK, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of

each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTIONAL ALLEGATIONS

6. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* §§1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et seq.*, in that the case arises out of §43(a) of the *Lanham Act* for trademark infringement, copyright infringement pursuant to 17 U.S.C. §501(a), and supplemental jurisdiction under 28 *U.S.C.* §§1367(a) and 1338 (a)(b).

7. Venue is proper, *inter alia*, under 28 *U.S.C.* §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## GENERAL ALLEGATIONS

9. Plaintiff is a health, wellness and fitness company involved in the development, production, sale, and distribution of in-home fitness, weight loss, and health products. Plaintiff owns the "P90X" mark used in connection with its "P90X Extreme Home Fitness Kit" consisting of a 12 DVD box set. Plaintiff has been using the mark since July 2003. Plaintiff first distributed the "P90X" mark in January 2005.

10. Plaintiff owns registered United States Trademarks for the "P90X" marks under U.S. Reg. No. 2843063 (registered May 18, 2004), U.S. Reg. No. 2869490 (registered August 3, 2004), U.S. Reg. No. 2869491 (registered August 3, 2004), U.S. Reg. No. 2973356 (registered July 19, 2005), and U.S. Reg. No. 3444723 (registered June 10, 2008) attached herewith as Exhibits "A", "B", "C",

1  "D", and "E", respectively.

2  11. Plaintiff also owns registered trademarks in the "P90X" marks in the following foreign countries or territories: Benelux, Canada, European Community, Hungary, International Registration – Madrid Protocol Only, Ireland, Mexico, Turkey, and United Kingdom.

12. Plaintiff owns a United States Copyright for the "P90X Extreme Home Fitness Kit" under Certificate of Registration number PA 0001324687 (effective date of March 23, 2006), attached herewith as Exhibit "F".

13. Plaintiff owns an additional United States Copyright for the "P90X.com" website under Certificate of Registration number TX 0006569236 (effective date of May 7, 2007), attached herewith as Exhibit "G".

14. Plaintiff owns additional United States Copyrights for the "P90X Version 2.3 Infomercial" under Certificate of Registration number PA 0001606153 (effective date December 21, 2007), and for the "P90X Infomercial Version 3" under Certificate of Registration number PA 0001609963 (effective date August 25, 2008), attached herewith as Exhibits "H" and "I", respectively.

15. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its "P90X" marks. Plaintiff has spent over seventy-four million dollars ($74,000,000.00) to air its television infomercials alone, and over one million dollars ($1,000,000.00) on print and internet advertising. Dating back to inception in January 2005, the "P90X" infomercials have aired over 109,000 times.

16. According to Infomercial Monitoring Service, Inc. (IMS), a monitor of national broadcast, cable and satellite television for the direct response television industry, Plaintiff's "P90X" infomercials have consistently been ranked no. 1 on the IMS Top 25 list, with over 135 consecutive weeks in a row on the Top 25 list.

17. Through the extensive use of the "P90X" marks, Plaintiff has built up and developed significant goodwill in the "P90X" marks. A wide array of

- 4 -
**COMPLAINT FOR DAMAGES**

newspapers, magazines and television networks (including *US, People,* the *Atlanta Journal-Constitution,* the *Los Angeles Times, InTouch Weekly,* and *E! Entertainment*) have featured stories in which prominent celebrities and professional athletes (including Demi Moore, Ashton Kutcher, Sheryl Crow, Poppy Montgomery and Matt Diaz) have enthusiastically described their success with the "P90X Extreme Home Fitness Kit."

18. Defendants use, amongst other things, the Internet auction website known as eBay to sell and distribute products, including pirated DVDs, to consumers. At any given time, there are millions of items listed on eBay for bid or purchase by its more than one hundred million registered users. Buyers have the option to purchase items in an auction-style format where users bid on products or items can be purchased at a fixed price through a feature referred to as "Buy It Now". Using another eBay feature referred to as "Feedback", users who have made a purchase on eBay are given the opportunity to post positive, neutral or negative reviews in relation to their buying experience. While feedback can give some indication of sales volume, actual sales may far exceed the number of feedback entries a seller receives.

19. On April 7, 2009, in its ongoing investigation of counterfeit sales of the "P90X" product, Plaintiff purchased a counterfeit "P90X Extreme Home Fitness Kit" from Defendants, for a cost of $54.50 charged to the PayPal electronic payment account of Plaintiff's investigator. A true and correct copy of the website purchase receipt is attached hereto as Exhibit "J."

20. The product purchased from Defendants was inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendants sold to the investigator was in fact a counterfeit "P90X Extreme Home Fitness Kit."

21. Defendants use images confusingly similar or identical to Plaintiff's trademarks, to confuse consumers and aid in the promotion and sales of its

unauthorized product. Defendants' use of Plaintiff's trademarks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's "P90X" product. Defendants' use began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the copyright and trademark registrations alleged above. Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's "P90X" trademarks.

22. Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of Plaintiff's "P90X" product, sold and distributed by Defendants. By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by Defendants has infringed upon Plaintiff's federally registered trademarks and copyrights.

### FIRST CAUSE OF ACTION
**(Federal Trademark Infringement Against JACOB SHAK, and Does 1-10, Inclusive)**
**[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

23. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-22.

24. Defendants are actually aware that Plaintiff is the registered trademark holder of the "P90X" mark and designs. (See Exhibits A-I).

25. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and mark to commercially distribute and market "P90X" DVD box sets bearing the Plaintiff's mark into the stream of commerce.

26. Defendants intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of

Plaintiff's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit "P90X" DVD box sets bearing the "P90X" trade name and mark.

27. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered "P90X" mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed through an online auction known as eBay, counterfeit "P90X" DVD box sets bearing the "P90X" trade name and mark.

28. Defendants egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "P90X" DVD box sets manufactured by Plaintiff.

29. Defendants continued and knowing use of Plaintiff's trade name and mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.

## SECOND CAUSE OF ACTION

**(Federal Copyright Infringement Against JACOB SHAK, and Does 1-10, Inclusive)**

**[17 *U.S.C.* §501(a)]**

30. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-29.

31. Plaintiff is the exclusive owner of the copyright in its "P90X" designs and logos and possesses copyright registrations with the United States Copyright

Office in "P90X" designs.

32. Defendants have actual notice of Plaintiff's exclusive copyright rights in the designs.

33. Plaintiff's trademark registrations on the Principal Register of the United States Patent and Trademark Office further provide constructive notice of Plaintiff's ownership rights in the designs.

34. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the designs.

35. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the designs by offering, advertising, promoting, retailing, selling, distributing counterfeit "P90X" DVD box sets containing the copyrighted designs.

36. Defendants intentionally and willfully applied their infringing uses of the designs to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' goods and represented that the goods were authentic products of Plaintiff's. Defendants thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and distributed counterfeit "P90X" DVD box sets containing the "P90X" designs through the internationally and prominently recognized online auction known as eBay.

37. Defendants continue its infringement of the designs in blatant disregard of Plaintiff's protected rights.

///

///

///